# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

CARL WALTON, :
:
    Plaintiff, :
:
v. : Civil Action No.
: 7:10-CV-87 (HL)
CIVES CORPORATION, :
:
    Defendant. :
_____:

## ORDER

Before the Court are the Plaintiff's request for the Defendant to answer the Plaintiff's interrogatories four and five (Doc. 17) and the Plaintiff's motion to quash a subpoena issued to Seimens Water Technologies Corporation (Doc. 16). The motion to quash the subpoena is denied as moot because the Defendant withdrew the subpoena. The request for the Defendant to answer the interrogatories is granted in part and denied in part.

The Plaintiff's lawsuit against the Defendant alleges that the Defendant failed to promote the Plaintiff to supervisor positions in November 2007 because of the Plaintiff's race and that the Defendant retaliated against the Plaintiff for filing a charge of discrimination with the Equal Employment Opportunity Commission on March 8, 2008.

The Plaintiff served the Defendant with written interrogatories. The Defendant objected to interrogatories four and five. The parties reached an impasse when the

Defendant provided incomplete answers to interrogatories four and five. The Court held a phone conference with the parties to discuss the dispute. It concluded that the Defendant must answer a portion of interrogatory four and the entirety of interrogatory five. The next day the Defendant filed additional documentation regarding the discovery dispute.

## I.  DISCOVERY LEGAL STANDARD

Federal Rules of Civil Procedure Rule 26 provides that information is discoverable if it is nonprivileged matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Discovery is relevant "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Although the right to discovery of relevant material is construed broadly, a court can limit discovery if it determines, among other things, that the discovery is unduly burdensome. Fed. R. Civ. P. 26(b)(2)(C).

## II.  INTERROGATORY NUMBER FOUR

Plaintiff's interrogatory number four states

For all persons employed by [the Defendant] in [its] Thomasville location in 2006, 2007, 2008 and 2009 please provide the following: Name, race, job description, supervisor, salary, or pay rate for each of these four years, and hire date.

The Defendant objects to the interrogatory on the basis that it seeks confidential information from persons who are not parties to the lawsuit, is irrelevant to the claims in the case, and that it would be unduly burdensome to produce the

2

requested information. The Defendant responded to the interrogatory by producing the names, races, and dates of hire of the employees who were considered for the promotions at issue and the names of those who made the decisions regarding the promotions.

The Plaintiff argues that the requested information is relevant because certain employees are witnesses to statements allegedly made by the Plaintiff at "toolbox" meetings and because he wishes to discover whether blacks and whites are paid comparably for the same work.

The Defendant is ordered to produce the names of the employees present at the "toolbox" meetings where the Plaintiff is accused of making certain statements. This information is reasonably calculated to lead to the discovery of admissible evidence on the issue of whether the Defendant's decisions were nondiscriminatory. The Defendant has not shown how answering the interrogatory on this issue would be unduly burdensome.

The remainder of the interrogatory is requesting information that the Court believes would not lead to the discovery of admissible evidence for the Plaintiff's claims. A broad search of the Defendant's employee records is not tailored to the issues in the case given that the Plaintiff alleges only two claims: failure to promote and retaliation. Accordingly, the remainder of the request to compel answers to interrogatory number four is denied.

### III. INTERROGATORY NUMBER FIVE

Interrogatory number five requests

> For each promotion and or job change made at the Thomasville plant during the period 2006, 2007, 2008, and 2009 identify the person promoted or whose job changed, the date of the promotion or job change, the position promoted to or changed to, the person or persons who made the decision to promote and or change the job, and the old and new pay rate.

The Defendant objects to the interrogatory on relevance and confidentiality grounds. The Plaintiff asserts that he is entitled to this discovery in order explore whether the failure to promote him was a pretext for discrimination.

In a Title VII suit, an employer's general practices are relevant. See Scales v. J.C. Bradford & Co., 925 F.2d 901, 906 (6th Cir.1991) (affirming district court's ruling limiting in a Title VII discrimination case the plaintiff to discovering payroll information about employees in her former department); Glenn v. Williams, 209 F.R.D. 279, 282 (D.D.C. 2002) ("Similar acts may be admissible as bearing on the motive with which the organization acted when confronted with a similar situation . . . ."). Statistical data is also relevant to establish pretext. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

The Plaintiff's interrogatory number five is relevant to the issue of pretext and it is not overly broad because it is limited in scope to four years. All promotions and demotions regardless of whether they are changes to and from supervisor positions or classification positions are relevant to whether the Defendant's reasons for making

4

changes are nondiscriminatory or pretextual. The positions are similarly situated enough to pass the relevancy standard, even if the standards used to consider changes within classification levels are different from the standards used to consider changes to supervisor positions.

The Defendant's argument that it does not maintain electronic files of the individuals it promoted and demoted does not convince the Court that the request is unduly burdensome. Accordingly, the entirety of interrogatory number five is proper and the Defendant is ordered to answer it.

**SO ORDERED**, this the 17th day of March, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc